UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ANGEL GONZÁLEZ-MENDEZ,

   Petitioner,

v.

UNITED STATES OF AMERICA,

   Respondent.

Civil No. 12-1857 (JAF)

(Crim. No. 07-453-7)

**OPINION AND ORDER**

Petitioner Angel González-Méndez ("González") comes before the court with a motion under 28. U.S.C. § 2255 to vacate, set aside, or correct the sentence we imposed in Crim. No. 07-453-7. (Docket No. 1.) He also comes before the court with a motion to quash the indictment in his prior criminal case. (Docket No. 18.) For the reasons set forth below, we deny both motions.

**I.**

**Background**

In an indictment and a superseding indictment from October 25, 2007, and August 22, 2008, González and sixty-two other individuals were charged with participation in a conspiracy to distribute drugs from 1998 to 2007 in the Cataño and Guaynabo areas of Puerto Rico. The indictments alleged that the organization, "Los Dementes," sold drugs at street level and based its operations in the Juana Matos Public Housing Project, where apartments were used to store, package, and process narcotics, including heroin, cocaine, cocaine base ("crack-cocaine"), and marijuana for later sale. United States v. Fernández-Hernández, 652 F.3d 56, 61-62 (1st Cir. 2011) (quoting Crim. No. 07-453, Docket No. 3). González was also indicted on firearms charges arising out of

an attempt to assassinate a rival gang leader on April 25, 2004, and out of the associated murder of three innocent people. Fernández-Hernández, 652 F.3d at 60.

González was tried before a jury and, on October 17, 2008, he was convicted on five counts. (Crim. No. 07-453, Docket No. 1439.) He was found guilty of conspiracy to possess with intent to distribute heroin, cocaine, cocaine base, and marijuana in a protected location in violation of 21 USC §§ 841(a)(1)(C), 846, and 860; of possession with intent to distribute more than one kilogram of heroin in violation of 21 U.S.C. §§ 841(a)(1), 846, 860, and 18 U.S.C. § 2; of possession with intent to distribute more than fifty grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 846, 860, and 18 U.S.C. § 2; of possession with intent to distribute at least five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846, 860, and 18 U.S.C. § 2; of using and carrying a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. §§ 924(c)(1)(A) and (2); and of conspiracy to use and carry firearms in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(o). (Crim. No. 07-453, Docket No. 1695.) On February 2, 2009, we sentenced González to four-hundred-eighty (480) months on count one, life imprisonment on counts two, three, and four, and two-hundred-forty (240) months for count seven, to be served concurrently; and to life imprisonment for count six, to be served consecutively. The sentence also included supervised release, a $600 assessment, and $4,500 in restitution. (Crim. No. 07-453, Docket No. 1696.) González appealed his conviction, and it was upheld by the First Circuit. Fernández-Hernández, 652 F.3d at 56.

On October 10, 2012, González filed the instant motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Docket No. 1.) The United States filed a response in opposition on November 19, 2012. (Docket No. 4.) On April 25, 2013,

González replied to the government's response to his 2255 motion. (Docket No. 17.) On April 29, 2013, González filed a motion requesting that we issue an order quashing the indictment in Crim. No. 07-453. (Docket No. 18.)

We have jurisdiction to hear this case pursuant to 28 U.S.C. § 2255, because González is currently in federal custody having been sentenced by this district court. To file a timely motion, González had one year from the date his judgment became final. 28 U.S.C. § 2255(f). His judgment became final on the last day that he could have filed a petition for a writ of certiorari, which was ninety days after the entry of the Court of Appeals' judgment. SUP. CT. R. 13(1); Clay v. United States, 537 U.S. 522 (2003). Because the Court of Appeals judgment was entered on June 30, 2011, González had until September 28, 2012, to file his habeas petition. He filed his appeal on September 10, 2012. Therefore, his petition is timely and we have jurisdiction.

## II.

### Discussion

González claims that he had ineffective assistance of counsel pursuant to a breach of contract violation, double jeopardy violations, the Spanish-English language barrier, and other reasons; that we must vacate the firearms charges because the jury was never instructed to disregard a weapon that had been involved in the prior bank robbery offense; that the criminal history calculation in his sentencing was incorrect; that he was deprived of Brady, Jencks, Giglio, and Rule 16 discovery; and that his due process rights were violated. (Docket No. 1.) González also requests that we issue an order quashing the indictment in his prior case, Crim. No. 07-453. (Docket No. 18.) For the reasons set forth below, we deny each of these claims and requests.

### A. Claim Preclusion and Waiver

Generally, a party is precluded from raising an issue on appeal if they do not make a specific, timely objection at or before trial or sentencing. Puckett v. U.S., 556 U.S. 129, 133 (2009). However, a party does not need to have raised a contemporaneous objection if the error was "plain" or if it relates to a lack of jurisdiction. FED. R. CRIM. P. 52(b); U.S. v. Cotton, 535 U.S. 625, 630 (2002). To grant relief for plain error, the error must be "clear" or "obvious" and must affect defendant's "substantial rights," such that it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." U.S. v. Olano, 507 U.S. 725, 732-33 (1993) (internal citations omitted). This analysis of plain error must be informed by the entire record of the case. U.S. v. Antonakopoulous, 399 F.3d 68, 78 (1st Cir. 2005). In habeas cases, it is even more difficult to overcome procedural default. Usually, we will not entertain a motion if the movant did not raise the claim before trial, at trial, or on direct appeal unless the movant can show cause for the failure to assert the claim in earlier proceedings and actual prejudice from the alleged error. U.S. v. Frady, 456 U.S. 152, 162-71 (1982).

Therefore, most of González's claims are procedurally barred. He has shown no cause for failing to raise these issues earlier and he has not shown that they would have been likely to change the outcome of the proceeding. Nonetheless, we will discuss why they also fail on their merits.

The United States argues that González's claims should also be deemed waived as they are conclusory without any attempt at developed argumentation. See Cody v. United States, 249 F.3d 47, 53 n.6 (1st Cir. 2001). This is true for many claims, which we will discuss in turn.

**B.     Ineffective Assistance of Counsel**

González claims that he had ineffective assistance of counsel. (Docket No. 1.) To prove a claim of ineffective assistance of counsel, González must show that both: (1) the attorney's conduct "fell below an objective standard of reasonableness;" and (2) there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Wash., 466 U.S. 668, 688-94 (1984). Appellate counsel is measured by the same standard as trial counsel. Evitts v. Lucy, 469 U.S. 387 (1985).

The first claim for ineffective assistance of counsel is based on allegations of breach of contract and double jeopardy violations. González alleges that his plea agreement in a related case, Crim. No. 04-217 (PG), included a clause that no related evidence or witnesses could ever be used against him, and that some of those witnesses and pieces of evidence were raised in this trial. (Docket No. 1 at 4.) González, however, cannot cite any such language in the plea agreement.

The second claim for ineffective assistance of counsel is that counsel "discriminated towards movant's English Disability, & violation of his due process rights as well." (Docket No. 1 at 12.) He claims that his attorneys did not discuss the case with him and that they withheld evidence. These claims should also be deemed waived as they are conclusory without any attempt at developed argumentation. See Cody, 249 F.3d at 53 n.6.

Finally, González alleges ineffective assistance of counsel because his attorney did not raise the arguments that he raises in this petition. (Docket No. 1 at 14.) However, because we find that González's arguments are without merit, we cannot find that his counsel was ineffective. González can neither show that his attorney's conduct "fell

1  below an objective standard of reasonableness" for failing to raise meritless claims, nor

2  can he show that there is a "reasonable probability that … the result of the proceeding

3  would have been different" if these claims had been raised.  Strickland, 466 U.S. at 688-

4  94.  Even if the claims did have merit, counsel is still not required to raise every non-

5  frivolous claim, but rather may winnow down claims to maximize the chance of success

6  on the merits.  Jones v. Barnes, 463 U.S. 745, 751 (1983); Lattimore v. Dubois, 311 F.3d

7  46, 57 (1st Cir. 2002).

8  **C.     Weapons**

9       González claims that he deserves relief because the jury was not instructed to

10 disregard any weapon that was involved in the bank robbery case, Crim. No. 04-217(PG).

11 (Docket No. 1 at 5.)  In his petition, González says that "in one instant, Mr. Heredia,

12 testified that Movant requested two (38) from Hueso, that jury was able to infer that both

13 (38) was used in (Bank Robbery) case." [sic]  (Docket No. 1 at 5.)  However, regarding

14 the April 2004 murders, Heredia testified that the weapons available in the car were an

15 "AK-47 and two nine millimeter pistols," not .38 revolvers.  (Docket No. 4 at 11.)

16 González fails to develop an argument as to why the jury improperly took the .38s into

17 account.  See Cody, 249 F.3d at 53 n.6 (stating that claims should be deemed waived if

18 they are conclusory without any attempt at developed argumentation).

19 **D.     Sentence enhancement for prior conviction**

20      González claims that his sentence should be vacated because he received an

21 enhancement for his prior conviction in Crim. No. 04-217 (PG), which he says was

22 "under the same umbrella" as this case and was "in furtherance of" this case.  (Docket

23 No. 1 at 7.)  This claim is procedurally barred.  See Frady, 456 U.S. at 168.  González has

24 not shown cause for his default.  Neither can he show actual prejudice, because that was a

separate criminal conviction from the instant case. See id. According to the Sentencing Guidelines, we were to "add 3 points for each prior sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.1(a). There was no error in including that conviction and there was, therefore, no actual prejudice.

**E.     Discovery**

González claims that he was entitled to discovery materials under Brady, Jencks, Giglio, and Rule 16. (Docket No. 1 at 8.) According to the record, he received such material. The transcript of the trial states:

> THE COURT: Which documents did you receive?
>
> MR. GAZTAMBIDE-ANESES: Everything, the Jencks, the Giglio.

(Crim No. 07-453, Docket No. 1803 at 92.)

The other material was simply not at issue. In order for there to be Brady material, González would need to show that the prosecution failed to turn over exculpatory evidence. Brady v. Maryland, 373 U.S. 83, 87 (1963) (holding that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilty or to punishment"). González has not identified such material. Rule 16 material includes the defendant's oral statement; defendant's written or recorded statement; the defendant's prior record; other documents and objects that (1) are material to preparing the defense, that (2) the government intends to use in its case-in-chief, and that (3) was obtained from or belongs to the defendant; reports of examinations and tests; and expert witnesses. Fed. R. Crim. P. 16. Again, González fails to detail what specifically the government failed to turn over that would violate this rule.

**F.   Due Process Violation**

González alleges that his due process rights were violated because he was told that if he testified in his own defense, his prior bank robbery conviction would be raised. (Docket No. 1 at 13.) He begins with a breach of contract theory regarding the plea bargain. (Docket No. 1.) However, González cannot point to any language in the plea agreement stating that the government could never again speak of the robbery. Further, prior convictions can be used for impeachment purposes, in accordance with Federal Rule of Evidence 404(b), which permits the admission of prior bad acts for purposes other than character or propensity evidence, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b); See United States v. Tse, 375 F.3d 148, 155-56 (1st Cir. 2004). As the First Circuit has stated, "Defendants who choose to become witnesses on their own behalf become subject to impeachment by evidence of prior crimes." U.S. v. Tracy, 36 F.3d 187, 192 (1st Cir. 1994) (citation omitted).

**G.   Motion to Quash Indictment No. 07-453 (JAF)**

González filed a "motion to quash indictment No. 07-453 (JAF) pursuant to Fed. R. Civ. P. 12(b)(1) and (6), double jeopardy, collateral estoppel, Blockburger, and actual/factual innocence." (Docket No. 18.)

González's claim under the double jeopardy clause and the doctrine of collateral estoppel fail. Collateral estoppel ensures that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Ashe v. Swenson, 397 U.S. 436, 443 (1970). In a criminal case, a defendant who wishes to wield the doctrine of double jeopardy or collateral estoppel against the government bears the burden of demonstrating

that the issue he seeks to foreclose was in fact settled in the first proceeding. <u>Dowling v. United States</u>, 493 U.S. 342, 350-51 (1990).

González's claim under <u>Blockburger</u> also fails. The test set forth in <u>Blockburger</u> looks at the statutory elements of each offense, and provides that a person can be prosecuted twice without violating the double jeopardy clause, so long as each offense has an element that is not contained in the other. <u>Blockburger v. United States</u>, 284 U.S. 299 (1932). Here, González was charged first with a bank robbery, and second with violations of national drug laws. (Docket No. 4 at 10.) Each of those offenses contains at least one element that the other does not and, therefore, the second trial does not violate the double jeopardy clause.

González does not allege with any specificity why he is actually or factually innocent. Actual innocence requires the petitioner to show "that it is more likely than not that no reasonable juror would have convicted him in the light of newly discovered evidence of innocence." <u>Schlup v. Delo</u>,. 513 U.S. 298, 333 (1995). González points to no newly discovered evidence of innocence.

Finally, González's claims under Federal Rules of Civil Procedure 12(b)(1) and (6) have no place in the habeas context. Those rules are meant to dismiss a civil pleading that cannot state a cause of action. <u>See</u> Fed. R. Civ. P. 12(b)(1) and (6).

## IV.
### Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing,

"[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While González has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong. González may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

## Conclusion

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief from this court. We also **DENY** González's motion to quash the indictment (Docket No. 18).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 20th day of February, 2014.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE